## SPONENBARGER et al. v. UNITED STATES.

### No. 7984.

District Court, E. D. Arkansas, W. D.

Dec. 23, 1937.

For former opinion, see 21 F.Supp. 28.

Fred Armstrong (of Thompson, Mitchell, Thompson & Young), of St. Louis, Mo., for the motion.

Fred A. Isgrig, U. S. Atty., of Little Rock, Ark., and John C. Dyott, Sp. Asst. Atty. Gen., for the United States.

DAVIS, District Judge.

The first specification of the motion for new trial relates to the designation of certain of the parties and the form of the judgment.

This action was instituted by Julia Caroline Sponenbarger, as the sole plaintiff. The defendant filed a motion alleging that parties certain and uncertain asserted some lien or claim to the land described in petition, and prayed that an order be entered requiring such parties to be joined as plaintiffs in the action. The court sustained the motion. In response to the said order, the following parties entered their appearance and filed pleadings in the cause:

Mercantile-Commerce Bank & Trust Company, and Mercantile Commerce National Bank in St. Louis, jointly.

St. Louis Union Trust Company, individually, and in its own right, and as trustee for bondholders.

Alex H. Rowell and William R. Humphrey, as receivers of the Cypress Creek Drainage District: the receivers being discharged, the district entered its appearance.

Grady Miller, as receiver of the Southeast Arkansas Levee District.

The order of court directed that these parties become parties plaintiff. They entered their appearance, aligned themselves with the original plaintiff, and some or all of them adopted said plaintiff's petition. They participated in the trial, and submitted the case on the brief and argument of the original plaintiff.

In its opinion, the court referred to these parties as interveners, as they had, at times, been designated during the trial, to distinguish them from the original plaintiff in the case. This was an incorrect designation. They were made parties plaintiff by order of the court, by their respective interests, and by their manner of participation in the cause. The opinion is modified to this extent.

The court reached the conclusion that the original plaintiff was not entitled to recover. Consequently, there was no occasion to make any finding as to whether, or to

what extent, the additional parties plaintiff had any claim or lien on the land which was mentioned in the petition. This does not negative the idea that the parties brought into the case by defendant's motion are bound by the judgment.

The judgment entered by the clerk designated the additional parties as "interveners" following the language of the court in its opinion filed and did not expressly dispose of the case as to these additional parties. To correct these errors and mistakes, the court, on its own motion, doth order that the judgment entered October 21, 1937, be and is hereby amended, nunc pro tunc, as of October 21, 1937, in accordance with amended judgment herewith.

Our view of the other points raised in the motion for new trial have been heretofore expressed in the opinion on file.

The motion for new trial is overruled.